UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-186-JPH-MJD -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSEPH MCCARRELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15-cr-00186-JPH-MJD ) |
| JOSEPH MCCARRELL, | ) -01 ) |
| Defendant. | ) ) |

**ORDER**

Defendant Joseph McCarrell has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 53; dkt. 61. Mr. McCarrell seeks immediate release from incarceration or a reduction in sentence based on the disparity between the sentence he received and that of others subsequently convicted of allegedly similar crimes. *Id.* For the reasons explained below, his motions are **denied**.

**I. Background**

In August 2016, Mr. McCarrell pleaded guilty to two counts of distribution of 50 grams or more of methamphetamine and one count of possession of 50 grams or more of methamphetamine with intent to distribute it. Dkt. 30. According to the factual basis in the plea agreement, law enforcement officers made two, separate controlled purchases of methamphetamine from Mr. McCarrell. *Id.* at 7. Each purchase was more than 50 grams of methamphetamine. *Id.* Law enforcement officers subsequently searched Mr. McCarrell's apartment and seized a loaded firearm, more than 50 grams of methamphetamine, ammunition, and more than $5,700. *Id.* The government filed an information under 21 U.S.C. § 851 stating that Mr. McCarrell had a prior

2

Indiana felony conviction for dealing methamphetamine. Dkt. 40. The Court sentenced Mr. McCarrell to an aggregate term of 240 months' imprisonment and 10 years' supervised release. Dkt. 45. The Bureau of Prisons ("BOP") lists Mr. McCarrell's anticipated release date (with good-conduct time included) as September 13, 2033.

Mr. McCarrell initially filed his motion for compassionate release pro se, dkt. 53, and the Court appointed counsel to represent him in this matter, dkt. 56. Counsel filed a memorandum in support of the motion for compassionate release, dkt. 61, and the government responded, dkt. 65. After Mr. McCarrell filed a reply, dkt. 66, the Court ordered him to show cause why the Court should not deny his motion for compassionate release in light of *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), dkt. 67. Mr. McCarrell has responded, so his motion is now ripe. As explained below, Mr. McCarrell has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

3

> defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) a serious deterioration in physical or mental health because of the aging process where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under

5

the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. As directed by the U.S. Court of Appeals for the Seventh Circuit in *Gunn*, in exercising its discretion to determine whether "extraordinary and compelling reasons" warrant a sentence reduction within the meaning of § 3582(c)(1)(A)(i), the Court acknowledges that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" and consults § 1B1.13 to guide its discretion but recognizes that § 1B1.13 is not conclusive. See id. at 1180 ("the Commission's analysis can guide discretion without being conclusive").

Finally, the Court recognizes that "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III. Discussion

In his original motion, Mr. McCarrell argues that a post-sentencing change to the statutory mandatory minimum sentence for his offense constitutes an extraordinary and compelling reason warranting a sentence reduction. Dkt. 53 at 3-4. In the memorandum filed by counsel, he repeats

6

his first argument and also contends that an extraordinary and compelling reason for a sentence reduction exists due to the fact that—under a Seventh Circuit case decided after his conviction and sentencing—his prior conviction no longer qualifies as a predicate offense to trigger the enhanced sentencing penalties in 21 U.S.C. § 841(b)(1)(A). Dkt. 61 at 6-8. Finally, Mr. McCarrell asserts that the § 3553(a) sentencing factors warrant reducing his sentence. *Id.* at 8-11.

After Mr. McCarrell filed his motion and memorandum, the United States Court of Appeals for the Seventh Circuit decided *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). In *Thacker*, the Seventh Circuit held that a non-retroactive change to the sentencing scheme in 18 U.S.C. § 924(c) could not be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)—whether alone or in combination with any other factor—because Congress had explicitly decided not to make the change retroactive. *Id.* at 576. In his response to the Order to show cause, Mr. McCarrell conceded that the holding of *Thacker* meant that he could not establish a extraordinary and compelling reason for a sentence reduction based on the disparity between his sentence and the statutory mandatory minimum sentence that is applicable today. *See* dkt. 68 at 1. He contends, however, that he has nonetheless established an extraordinary and compelling reason warranting a sentence reduction based on the "incorrect enhancement, which unjustly increased his sentence." *Id.* He believes that he should receive a sentence reduction because, under current Seventh Circuit precedent, his prior Indiana conviction for dealing methamphetamine no longer qualifies as a predicate offense for purposes of the enhanced sentencing penalties in 21 U.S.C. § 841(b)(1)(A). *See id.* at 3.

The Court recognizes Mr. McCarrell's argument that his prior Indiana conviction can no longer be used to trigger the enhanced sentencing penalties of § 841(b)(1)(A). *See United States v. De La Torre*, 940 F.3d 938, 951-52 (7th Cir. 2019) (holding that Indiana's definition of

7

methamphetamine is broader than the federal definition and thus a defendant's prior conviction for dealing methamphetamine "cannot serve as a predicate felony drug offense under § 841(b)(1)(A) and § 802(44)"). But, this is a claim that should be raised in a collateral attack on his original judgment under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, not in a motion for a sentence reduction under § 3582(c)(1)(A). *See United States v. Barnett*, 849 F. App'x 158, 159 (7th Cir. 2021) ("18 U.S.C. § 3582(c)(1)(A) does not offer a path to attack a conviction, only to 'modify a term of imprisonment'"); *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) (citing *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020)) ("compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction").

Because Mr. McCarrell cannot establish an extraordinary and compelling reason for a sentence reduction based either on the non-retroactive change in the law or the use of his prior conviction to enhance his sentence, the Court need not determine whether the § 3553(a) factors warrant Mr. McCarrell's release.

### IV. Conclusion

For the reasons explained above, Mr. McCarrell's motion for compassionate release, dkt. [53], is **denied**.

**SO ORDERED.**

Date: 2/1/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel